IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.

KATHI THOMPSON as parent and guardian for JOANN THOMPSON, a minor, MICHAEL THOMPSON and JOANN THOMPSON, a minor,

Plaintiffs,

-vs-

CONTINENTAL AIRLINES, INC., a foreign corporation, BRIAN KEEN, and JUDITH S. (Last Name Unknown),

Defendant.

______________________________/

**COMPLAINT**

COMES NOW the Plaintiffs, KATHI THOMPSON as parent and natural guardian for JOANN THOMPSON, a minor, MICHAEL THOMPSON, and JOANN THOMPSON, a minor, by and through their undersigned attorneys and sues the Defendants, CONTINENTAL AIRLINES, INC., BRIAN KEEN, and JUDITH S. (Last Name Unknown), and would state as follows:

1. This is an action for damages in excess of $15,000.

2. At all times material hereto, Defendant CONTINENTAL AIRLINES, INC., was and is a foreign corporation authorized to and doing business in Florida and the State of Washington.

3. At all times material hereto, Defendants BRIAN KEEN and JUDITH S. were residents of the State of Florida.

4. At all times material hereto, Plaintiffs KATHI THOMPSON, MICHAEL THOMPSON and JOANN THOMPSON were and are residents of the State of Washington.

5. At all times material hereto, Plaintiff JOANN THOMPSON, a minor, was a disabled

person diagnosed with Autism, and under the long-term care of a physician for same, and traveling with specific physician's requests for accommodation.

6. At all times material hereto, Defendant CONTINENTAL AIRLINES, INC., knew through its agents and employees of JOANN THOMPSON's mental disability and her doctor's request for special accommodation for her disability, which they agreed to accommodate.

7. On or about November 15, 2004, Plaintiffs, along with other family members, were vacationing in Orlando, Florida and planned to return home to Washington and had purchased tickets for a regularly scheduled Continental Airlines flight, leaving from the Orlando International Airport.

**COUNT I**
**NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING**

8. Plaintiffs adopt and re-allege paragraphs 1 through 5 above, and incorporate them by reference.

9. At all times material hereto, CONTINENTAL AIRLINES, INC. had a duty or voluntarily undertook a duty to JOANN THOMPSON to make reasonable accommodations for her disability, including a reasonable investigation into her requirements and appropriate steps taken to insure that those requirements were met, to avoid aggravating her condition, embarrassing her or causing her any mental anguish or injury.

10. At all times material hereto, CONTINENTAL AIRLINES, INC. had a duty to train its employees and agents on how to identify those disabled passengers requiring accommodation and how to ensure that all reasonable efforts are made to accommodate them through every step of the air-travel process, including security screening.

11. Continental Airlines failed in their duty to JOANN THOMPSON as a disabled passenger when its employees or agents, acting within the course and scope of their employment at the Orlando International Airport:

a. Failed to make a duly diligent investigation of JOANN's disability;

b. Failed to make reasonable accommodations for JOANN and her family to avoid aggravating her condition;

c. Negligently failed to review the passenger profile indicating special needs and disabilities at the Orlando International Airport;

d. Failed to inform agents of the Transportation Security Administration in Orlando that JOANN was disabled and needed special accommodation, as was done in Seattle, Washington and in Houston, Texas (the first two legs of plaintiff's trip to Orlando).

e. Negligently misidentified JOANN and her family as heightened security risk passengers, and/or;

f. Negligently failed to intervene in the TSA's security procedure when early intervention might have prevented aggravating JOANN's condition.

12. As a result of Continental's breach of its duty to JOANN, she was exposed to a TSA security procedure which mandated she be separated from her parents, precipitated a violent panic attack, and culminated in her having to be forcefully restrained by paramedics, tranquilized and hospitalized overnight. She has subsequently been diagnosed as having Post Traumatic Stress Disorder as a direct result of her ordeal above, and has had to be repeated hospitalized for symptoms of her PTSD and/or aggravation or exacerbation of her disability/autism.

13. As a direct and foreseeable result of Continental's negligence, JOANN THOMPSON has suffered bodily injury and resulting pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature, and Ms. Thompson, will suffer these losses in the future.

WHEREFORE, Plaintiffs, Plaintiffs KATHI THOMPSON, as parent and guardian, and JOANN THOMPSON, demand compensatory damages in an amount in excess of $15,000, their taxable costs,

interest on unpaid medical bills, and trial by jury.

## COUNT II
## NEGLIGENT SUPERVISION

14. Plaintiffs adopt and re-allege paragraphs 1 through 13 above, and incorporate them by reference.

15. At all times material hereto, BRIAN KEEN was an employee of defendant Continental Airlines and worked in a supervisory capacity at the Orlando International Airport.

16. At all times material hereto, BRIAN KEEN was directly responsible for the training, supervision and performance of the employees of Continental Airlines who came into contact with JOANN THOMPSON on the date in question.

17. BRIAN KEEN owed a duty to supervise those employees and agents to ensure that they properly identified those disabled passengers requiring accommodation and that all reasonable efforts were made to accommodate them through every step of the air-travel process, including security screening.

18. BRIAN KEEN negligently failed to properly supervise said employees regarding their interaction with JOANN THOMPSON, thereby permitting the aforesaid breach of duty detailed in paragraphs 11 and 12, *supra*.

19. As a direct and foreseeable result of BRIAN KEEN's negligence, JOANN has suffered bodily injury and resulting pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature, and Ms. Thompson will suffer these losses in the future.

20. WHEREFORE, Plaintiffs, Plaintiffs KATHI THOMPSON, as parent and guardian, and JOANN THOMPSON, demand compensatory damages in an amount in excess of $15,000, their taxable costs, interest on unpaid medical bills, and trial by jury.

## COUNT III
## NEGLIGENCE

21. Plaintiffs adopt and re-allege paragraphs 1 through 13 above, and incorporate them by reference.

22. At all times material hereto, JUDITH S.(last name unknown) was an employee of defendant Continental Airlines.

23. As an employee who came directly into contact with JOANN THOMPSON and her family, JUDITH S. had the duty to ensure that she properly identified Joann as a disabled passenger requiring accommodation.

24. JUDITH S. also had the duty to make all reasonable efforts were made to accommodate Joann's disability through every step of the security screening process.

25. JUDITH S. breached her aforementioned duty when she negligently :

a. Failed to make a duly diligent investigation of JOANN's disability;

b. Failed to make reasonable accommodations for JOANN and her family to avoid aggravating her condition;

c. Failed to review the passenger profile indicating special needs and disabilities at the Orlando International Airport;

d. Failed to inform agents of the Transportation Security Administration in Orlando that JOANN was disabled and needed special accommodation, as was done in Seattle, Washington and in Houston, Texas (the first two legs of plaintiff's trip to Orlando).

e. Misidentified JOANN and her family as heightened security risk passengers, and/or;

f. Failed to intervene in the TSA's security procedure when early intervention might have prevented aggravating JOANN's condition.

26. As a direct and foreseeable result of JUDITH S.'s negligence, JOANN has suffered bodily

injury and resulting pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature, and Ms. Thompson will suffer these losses in the future.

WHEREFORE, Plaintiffs, Plaintiffs KATHI THOMPSON, as parent and guardian, and JOANN THOMPSON, demand compensatory damages in an amount in excess of $15,000, their taxable costs, interest on unpaid medical bills, and trial by jury.

## COUNT IV
## CONSORTIUM CLAIM OF KATHI AND MICHAEL THOMPSON

27. Plaintiffs adopt and re-allege paragraphs 1 through 26 above, and incorporate them by reference.

28. That as a further direct and proximate result of the foregoing, Plaintiffs KATHI and MICHAEL THOMPSON, have in the past and will in the future suffer the loss of their child's companionship and consortium, as well as any medical expenses reasonably incurred or likely to be incurred for treatment during JOANN's minority.

WHEREFORE, Plaintiffs KATHI and MICHAEL THOMPSON demand compensatory damages in an amount in excess of $15,000 and trial by jury.

DATED this 7 day of, November, 2006.

BRYAN W. CREWS AND ASSOCIATES, P.A.
1137 Edgewater Drive
Orlando, Florida 32804
(407) 841-0200
Attorneys for Plaintiff

By: ______________________
Ted Marrero, Jr., Esquire
Florida Bar No. 0818127
tmarrero@bryancrews.com